WILLIAMS *v.* KLUMOK.

(In Banc. May 14, 1945.)

[22 So. (2d) 157. No. 35857.]

**H. Lee Herring,** of Ruleville, and **B. B. Allen,** of Indianola, for appellant.

Neill, Clark & Townsend, of Indianola, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

This is an action of replevin begun in the court of a justice of the peace, in which the appellee seeks, and was permitted in the court below, to recover several pieces of bedroom furniture. Several questions are presented by the appellant's assignment of errors, but as the conclusion we have reached as to one of them will dispose of the case, it will be stated only with reference thereto. The evidence discloses that the appellee sold to Joseph and Annie B. Baker one four-piece bed suite and one bed springs for $139.10, on which Baker paid $30 when the sale was made and $15 thereafter. The sale was evidenced by a written bill of sale in which the appellee reserved title to the furniture until the balance due thereon by Baker should be paid. This payment Baker failed to make, and about a year and ten months after the sale was made, this action in replevin for the recovery of the furniture was brought by the appellee against the appellant.

The appellee's evidence discloses that this suite of furniture consisted of one bed, one set of bed springs, one vanity dresser, "one seat to match," and one chest of drawers. No seat to match the vanity dresser was

found by the officer executing the writ of replevin. Baker did not testify, and the evidence by which the appellee sought to identify the furniture was that of his employee who sold it, who stated that the appellee did a large retail furniture business, had and sold other suites of furniture similar to that here in question, and that the furniture here seized by the constable was that which he, the witness, had sold the appellant. There were no marks, and nothing peculiar about or on this furniture, that would distinguish it from other furniture sold by the appellee of the same pattern. The appellant testified, with corroboration by other witnesses, that he purchased the furniture from an unknown person who had it on a truck at Doddsville offering it for sale, and that of another witness who stated that she had seen the furniture purchased by Baker from the appellee, and that here in question, and that they were not the same. At the conclusion of the evidence, the appellant requested, but was refused, a directed verdict in his favor. Had the furniture remained in the possession of Baker, the identification of it by the appellee's salesman would have been stronger, but as it did not remain in Baker's possession, and what he did with it does not appear, the identification of it attempted by this salesman is weak, for, as hereinbefore stated, he only claimed to identify it from his recollection of its type and character, and not by any marks on it or anything peculiar to it. In view of this fact, the appellant's uncontradicted testimony must be accepted, and a verdict in the face of it, based on the evidence for the appellee, cannot be permitted to stand. The appellant's request for a directed verdict should have been granted.

Reversed and judgment here for the appellant.